UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| HAROLD RUNNING BIRD, | CIV. 12-4187 |
| Petitioner, | |
| -vs- | REPORT AND RECOMMENDATION |
| DOUGLAS WEBER, Warden, and MARTY JACKLEY, Attorney General, | |
| Respondents. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner Harold Running Bird, an inmate at the South Dakota State Penitentiary, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). By Order dated November 27, 2012 (Doc. 7), the Court ordered the parties to file briefs showing cause why Petitioner's petition should not be dismissed as untimely. Petitioner has filed his brief (Doc. 8) and the Respondents have filed their brief in support of dismissal of the petition (Doc. 9).

## JURISDICTION

Petitioner was convicted in Pennington County, South Dakota, and is currently in custody in South Dakota pursuant to a judgment of a South Dakota State Court. The pending matter is therefore properly before this Court pursuant to 28 U.S.C. § 2254. The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

## PROCEDURAL HISTORY

After a jury trial held in April of 2001, Petitioner was convicted of Second Degree Rape and Kidnapping. The trial court sentenced Petitioner to 75 years in prison for the kidnapping conviction and 25 years on the rape conviction, to be served consecutively. Petitioner's conviction was affirmed on appeal by the South Dakota Supreme Court on July 24, 2002. *See State v. Running Bird*, 649 N.W.2d 609 (S.D. 2002). Petitioner did not seek certiorari with the United States Supreme Court. Therefore his judgment became final on October 22, 2002.

On December 18, 2002, Petitioner filed a state habeas petition which was denied, without prejudice, on February 28, 2008. Petitioner did not appeal that decision. Petitioner filed the instant federal petition for habeas corpus over 4 years later on October 31, 2012.

## DISCUSSION

**1.  AEDPA Statute of Limitations**

28 U.S.C. § 2244(d) provides:

> (1) A 1-year statute of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's instant federal habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which imposes a one-year statute of limitations for filing federal

2

habeas petitions. 28 U.S.C. § 2244(d)(1); *Beery v. Ault*, 312 F.3d 948, 949 (8th Cir. 2003). The federal limitations period runs from the date on which Petitioner's state judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. *Id.* By Supreme Court rule, a petitioner has 90 days from the date of entry of judgment in a state court of last resort to petition for certiorari. *Id.*, Sup. Ct. R. 13. The statute of limitations is tolled, however, while "a properly filed application for State post-conviction review is pending." *Id.*; § 2244(d)(2). *See generally, Painter v. State of Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("a review of our cases makes clear, however, that the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). *See also Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853 (rejecting the suggestion that the federal filing deadline had not expired because state petition was timely filed according to state law, and federal petition was filed within one year after state statute of limitations had expired); *Jackson v. Ault*, 452 F.3d 734, 735 (8th Cir. 2006) ("It does not matter that [petitioner's] . . . state post conviction relief application was timely filed under [state] law. The one year AEDPA time limit for federal habeas filing cannot be tolled after it has expired.").

Judgment was entered on Petitioner's conviction in 2001. He filed a direct appeal which was affirmed on July 24, 2002. He filed a state habeas petition on November 14, 2002 which was denied on February 28, 2008. He filed this federal habeas petition on October 31, 2012, well beyond the one-year statute of limitations for filing a federal habeas claim.

## CONCLUSION AND RECOMMENDATION

Because more than one year passed during which no direct appeal or state habeas petitions were pending before Petitioner filed his federal habeas petition, this action is barred by the AEDPA one-year statute of limitations. Petitioner has failed to show he diligently pursued his claims or that extraordinary circumstances prevented him from filing in a timely manner. Further, no state-created impediment prevented timely filing. Neither equitable tolling nor 28 U.S.C. § 2244(d)(1)(B), therefore, apply. No evidentiary hearing is warranted.

The Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right" and thus a certificate of appealability should not be issued in Petitioner's case. 28 U.S.C. § 2253(c)(2). Although 28 U.S.C. § 2253(c)(2) has been found to be "only a modest standard," Petitioner has not shown that "the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement or to proceed further.'" *Randolph v. Kemna*, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (citations omitted).

It is therefore respectfully RECOMMENDED to the District Court that:

(1) Petitioner's application for writ of habeas corpus (Doc. 1) be DENIED with prejudice.

(2) Petitioner's pending motions be DENIED AS MOOT.

(3) No Certificate of Appealability be issued.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)
*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 7 day of February, 2013.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

4