UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| HAROLD RUNNING BIRD, | ) | Civ. 12-4187-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING PETITION |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary; and MARTY J. JACKLEY, Attorney General, State of South Dakota, | ) ) ) ) ) | FOR WRIT OF HABEAS CORPUS |
| | ) | |
| Respondents. | ) | |

Petitioner, Harold Running Bird, filed a pro se petition for relief under 28 U.S.C. § 2254 on October 31, 2012. Docket 1. The court referred the petition to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of Running Bird's § 2254 petition. On November 27, 2012, Magistrate Judge Simko issued an opinion finding that Running Bird's petition was untimely and ordering "the parties to show cause [as to] why Running Bird's petition should not be dismissed as untimely." Docket 7 at 2. Both parties responded (Docket 8; Docket 9), and on February 7, 2013, Magistrate Judge Simko issued a report and recommendation for the disposition of Running Bird's § 2254 petition (Docket 11). Running Bird filed timely objections to the report and

recommendation on February 22, 2013. Docket 12. For the reasons set forth herein, Magistrate Judge Simko's report and recommendation is adopted in its entirety.

## DISCUSSION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

In the instant case, Running Bird objects to Magistrate Judge Simko's finding that Running Bird's § 2254 petition is barred by the applicable statute of limitations. Docket 11 at 3; Docket 12. Running Bird presents various arguments as to why he is entitled to an evidentiary hearing, but his only explanation for having filed his § 2254 petition in an untimely manner is that he "had to file a claim to the S.D. Bar Assoc. for help in getting appeals attny's [sic] to help or file to court for petitioner." Docket 12 at 1. The court has reviewed de novo the issues raised by Running Bird's objections.

As the magistrate judge explained, a one-year period of limitation applies to a federal habeas petition challenging a state court's judgment of conviction. 28 U.S.C. § 2244(d); Docket 11 at 2. For purposes of the statute, a judgment

becomes final at either "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Significantly, the applicable statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is pending." 28 U.S.C. § 2244(d)(2).

Under certain circumstances, the court may toll the one-year statute of limitations. "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." (citing *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999))). As noted by the Eighth Circuit, the equitable tolling doctrine affords a petitioner an "exceedingly narrow window of relief," *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), such that "pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (citations omitted). In fact, the

Eighth Circuit has found that not even a claim of actual innocence could justify equitable tolling. *Flanders v. Graves*, 299 F.3d 974, 976–77 (8th Cir. 2002).

In the instant case, it is undisputed that Running Bird's judgment of conviction became final on October 22, 2002. On December 13, 2002, Running Bird filed a state habeas petition, which was eventually denied on February 27, 2008. *See* Docket 9-4; Docket 9-6. More than four years later, on October 31, 2012, Running Bird filed the pending application for habeas relief. Docket 1. Thus, Running Bird's pending application was filed well beyond the one-year period.

The only explanations Running Bird has offered for his untimely filing are that he experienced difficulty securing legal counsel (Docket 12 at 1) and that he is unfamiliar with the law (Docket 8 at 4). As previously discussed, neither pro se status nor lack of legal knowledge constitutes an extraordinary circumstance warranting equitable tolling. *See Kreutzer*, 231 F.3d at 463 ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (citations omitted)). Although Running Bird also discusses various constitutional deprivations that occurred at his first and second trials more than ten years ago, those alleged deprivations do not suffice to explain Running Bird's delay in filing his federal habeas petition. The court therefore

4

adopts the magistrate judge's report and recommendation in its entirety and finds that Running Bird is not entitled to relief. Accordingly, it is

ORDERED that the report and recommendation of Magistrate Judge Simko (Docket 11) is adopted in its entirety. Running Bird's § 2254 petition (Docket 1) is barred by the applicable statute of limitations. The court therefore rejects Running Bird's objections to Magistrate Judge Simko's report and recommendation (Docket 12) and denies Running Bird's § 2254 application for relief (Docket 1).

IT IS FURTHER ORDERED that no Certificate of Appealability be issued.

IT IS FURTHER ORDERED that Running Bird's motion for discovery opportunity (Docket 6) and motion to amend brief (Docket 10) are denied as moot.

Dated March 22, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

5